IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LARRY DONELL GROVES                                                                          PETITIONER

VERSUS                                                              CIVIL ACTION NO. 1:10-cv-154-LG-RHW

SHERIFF DAVID ALLISON, et al.                                                              RESPONDENTS

ORDER

This cause comes before this Court on petitioner's response [7] filed on August 26, 2010. In his response [7], the petitioner states that because he was housed in the Pearl River County Jail, Poplarville, Mississippi, at the time he filed the instant § 2241 habeas petition the administrative remedies set forth in 28 C.F.R. § 542 are not applicable.  Because the petitioner is now housed at the Federal Correctional Institution - Beaumont, Texas, the administrative remedies program is available to him.  Therefore, the petitioner is required to exhaust his administrative remedies before pursuing a petition for habeas relief pursuant to 28 U.S.C. § 2241. *See  Rourke v. R.G. Thompson*, 11 F.3d 47, 49  (5th Cir.1993)(citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990)(citations omitted)); see also *Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir.1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels.  Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted).   Accordingly, it is hereby,

ORDERED:

(1)  That Sheriff David Allison be added as a respondent.  *See Resp*. [7].

(2)  That petitioner respond in writing to this order **on or before October 21, 2010**, and state the following:

(a) the date the petitioner submitted his administrative remedies through the Bureau of Prisons as set forth in 28 C.F.R. § 542;

(b) petitioner shall submit with his response to this order copies of all request/appeals filed with and all responses received from the Warden, Regional Director, and Central Office Appeals demonstrating that he has exhausted his administrative remedies concerning the computation of his sentence; and

(c) state the date of petitioner's projected release date from the Bureau of Prisons.

(3) That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the petitioner and may result in this cause being dismissed without prejudice and without further notice to the petitioner.

THIS, the 6th day of October, 2010.

                        *s/ Robert H. Walker*
                        UNITED STATES MAGISTRATE JUDGE