IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LARRY DONELL GROVES**                                        **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO. 1:10-cv-154-LG-RHW**

**UNITED STATES OF AMERICA, et al.**                       **RESPONDENTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**DISMISSING THE PETITIONER'S PETITION FOR HABEAS RELIEF**</u>

     Petitioner, Larry Donell Groves, #08046-043, an inmate of the FCI-Beaumont, Beaumont, Texas, filed a petition for habeas relief pursuant to 28 U.S.C. § 2241. A review of the docket entries reveal that on October 6, 2010, an order [10] was entered directing Petitioner to file a response demonstrating that he had exhausted his administrative remedies as required for him to proceed with the instant § 2241 civil habeas action. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Petitioner was warned that failure to comply could result in the dismissal of this habeas request.

     When Petitioner failed to file a response as directed by the order [10] entered October 6, 2010, an Order to Show Cause [11] was then entered on November 8, 2010. Petitioner was directed in that order to show cause to respond on or before November 23, 2010. Even though Petitioner was once again warned that failure to comply could result in the dismissal of the instant habeas petition, Petitioner did not contact this Court nor did he comply with the
order to show cause.

Out of an abundance of caution, a Final Order to Show Cause [12] was entered on December 10, 2010.  This time Petitioner was advised that this was his final opportunity to comply with the previous order [11] of this court.  Petitioner was directed to respond to the Final Order to Show Cause on or before December 28, 2010.  Having reviewed the record, this Court finds that Petitioner has not responded as directed even though he was warned that failure to do so would result in the dismissal of the instant civil action without further notice.

According to the Court record, Petitioner has failed to comply with three Court orders.[1]  Therefore, it is apparent from Petitioner's failure to comply with the orders of this Court or to otherwise communicate with this Court since September 24, 2010, when he filed his response [9], demonstrates a lack of interest in pursuing this claim.

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

---

[1] The docket entries reflect that these three orders [10, 11 & 12] were mailed to Petitioner at his last known address and have not been returned by the postal service.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute under FED. R. CIV. P. 41(b) is proper.  Since the Respondents have never been called upon to respond to Petitioner's pleading, and have never appeared in this action, and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will be without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Petitioner's Petition shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 18th day of January, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE